```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

RICHARD T. FRANCO,            :
     Plaintiff,                :
                               :
     v.                        :         File No. 1:08-CV-79
                               :
ROBERT E. MANCHESTER,          :
     Defendant.                :

ORDER

Under 28 U.S.C.A. § 1332, district courts have original jurisdiction of civil actions between citizens of different states only where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C.A. § 1332. Typically a court does not look to post-filing events in evaluating the amount in controversy for jurisdictional purposes, however the court must do so where the parties' filings indicate a mistake in the complaint with respect to the amount in controversy. Hall v. EarthLink Network, Inc., 396 F.3d 500, 507 (2d Cir. 2005) (citing Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 786 (2d Cir. 1994)). Upon review of the parties' filings, the Court is inclined to dismiss Plaintiff's claim for lack of subject matter jurisdiction.

Plaintiff Franco claims Defendant Manchester owes him half of any fee Manchester obtained in the settlement of the Lemieux's medical malpractice claims against North Country Hospital and Health Center, Inc. Plaintiff calculates this fee based on his contingent retainer agreement with the Lemieuxs, which called for

a fee of 40% of any recovery.  Document 9 at 2.  Plaintiff's complaint computes his demand as follows: 40% of the settlement amount of $375,000 is $150,000.  One half of $150,000 is $75,000.  Plaintiff also requests reimbursement of his expenditures in the amount of $272.02, for a total of $75,272.02.  Document 9 at 4.

The Court notes, however, Manchester's sur-reply which confirms the settlement was in fact for the gross sum of $325,000.  Document 24-2.  The maximum sum obtainable by Plaintiff is $65,000.  (40% of $325,000 is $130,000, and one half of $130,000 is $65,000.) If Plaintiff's claimed expenditures are added, the total is $65,272.02.  The Court notes this is the maximum amount attainable because in fact Manchester only recovered 33 1/3% of the gross recovery – $108,333.333.  One half of $108,333.333 is $54,166.67, plus Franco's expenditures totals $54,438.69.  Neither $65,272.02 nor $54,438.69 meets 28 U.S.C. § 1332(a)'s statutory requirement that the matter in controversy exceed the sum or value of $75,000.

The Court does not doubt Plaintiff's claim was made in good faith, but this does not justify conferring federal jurisdiction when it does not exist.  Where it is apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed, the suit must be dismissed for lack of subject matter jurisdiction.  <u>Tongkook</u>, 14 F.3d at 786.

The parties may submit memoranda by March 20, 2009, not exceeding five pages, explaining why this case should not be dismissed. Otherwise, this case will be dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of February, 2009.

                                                  <u>/s/ J. Garvan Murtha</u>
                                                  J. Garvan Murtha
                                                  United States District Judge