```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

RICHARD T. FRANCO,                :
     Plaintiff,                   :
                                  :
     v.                           :     File No. 1:08-CV-79
                                  :
ROBERT E. MANCHESTER,             :
     Defendant.                   :

                              ORDER

Under 28 U.S.C. § 1332, district courts have original jurisdiction of civil actions between citizens of different states only where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332.  "In a diversity case, if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction."  <u>Hall v. EarthLink Network, Inc.</u>, 396 F.3d 500, 507 (2d Cir. 2005) (citing <u>Scherer v. Equitable Life Assurance Soc'y of the United States</u>, 347 F.3d 394, 397 (2d Cir. 2003)).  Upon review of Plaintiff's Complaint and the parties' filings, the Court dismisses Plaintiff's claim for lack of subject matter jurisdiction.

Plaintiff Franco claims Defendant Manchester owes him half of any fee Manchester obtained in the settlement of the Lemieuxs' medical malpractice claims against North Country Hospital and Health Center.  Plaintiff calculates this fee based on his contingent retainer agreement with the Lemieuxs, which called for

a fee of 40% of any recovery.  Document 9 at 2.  Plaintiff's complaint computes his demand as follows: 40% of the settlement in the amount of $375,000 is $150,000.  One half of $150,000 is $75,000.  Plaintiff also requests reimbursement of his expenditures in the amount of $272.02, for a total of $75,272.02. Document 9 at 4.

The Court notes, however, Manchester's sur-reply which confirms the settlement was in fact for the gross sum of $325,000.  Document 24-2.  The maximum sum obtainable by Plaintiff is $65,000.  (40% of $325,000 is $130,000, and one half of $130,000 is $65,000.) If Plaintiff's claimed expenditures are added, the total is $65,272.02.  The Court notes this is the maximum amount attainable because in fact Manchester only recovered 33 1/3% of the gross recovery – $108,333.333.  One half of $108,333.333 is $54,166.67, plus Franco's expenditures totals $54,438.69.  Neither $65,272.02 nor $54,438.69 meets 28 U.S.C. § 1332(a)'s statutory requirement that the matter in controversy exceed the sum or value of $75,000.

The Court does not doubt Plaintiff's claim was made in good faith, but this does not justify conferring federal jurisdiction when it does not exist.  Where it is apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed, the suit must be dismissed for lack of subject matter jurisdiction.  <u>Tongkook</u>, 14 F.3d at 786.

The Court is not persuaded otherwise by Plaintiff's Response to the Court's Order to Show Cause. (Document 31.) The mere fact Plaintiff buried a claim for breach of the implied covenant of good faith and fair dealing in Count I, entitled "Breach of Contract," does not convince the Court Plaintiff has met the statutory requirement under 28 U.S.C. § 1332. Plaintiff's claim for damages under Count I does not even approach $75,000. Moreover, the claim for breach of covenant on its face seeks damages for failing to pay Plaintiff "any share of the fee," which share is, to a legal certainty, less than $75,000.

Finally, the Court notes this matter involves a lawsuit between two Vermont attorneys[1] and raises, as a central issue, unsettled questions of Vermont state law on medical malpractice. Other than the diversity of the parties, there is no indication this matter is particularly suited to federal jurisdiction, and indeed, is the type of controversy to be decided in the courts of Vermont.

Plaintiff's claims are DISMISSED. Because Defendant's counterclaim is one for set-off against any sum recovered by Plaintiff, the counterclaim is also DISMISSED.

SO ORDERED.

---

[1] Plaintiff Franco has retired and moved to Florida since the events involved in this lawsuit occurred.

Dated at Brattleboro, in the District of Vermont, this 6th day of April, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge